IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED VAN LINES, INC., a Delaware Corporation | ) ) ) | |
| Plaintiff, | ) ) | No. 04 C 6004 |
| | ) | Paul E. Plunkett, Senior Judge |
| v. | ) ) | |
| ORTH VAN AND STORAGE, INC., and ALAN L. MEDINA and DIANE AQUINO-MEDINA | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Allied Van Lines, Inc. ("Allied" or "Plaintiff") has sued Orth Van and Storage, Inc. ("Orth") and Orth's owners, Alan L. Medina and Diane Aquino-Medina ("Medinas" or, collectively, "Defendants"), for breach of an agency contract between Allied and Orth. Orth demanded the dispute be settled by arbitration, pursuant to the agency contract, and Defendants now file a motion to dismiss Count I of Allied's complaint and to compel arbitration of its claims against Orth. Defendants also move to stay the litigation against the Medinas pending the arbitration proceedings. For the reasons set forth below, we grant Defendants' motions.

### Background

Allied, a national moving company, depends on an extensive network of agents throughout the United States to perform its moving services. In December 2002, Allied entered into an agency

contract with Orth, a trucking company owned by the Medinas based in California. Allied claims that Orth breached the contract by failing to pay $257,196.23 it says was owed. Allied first notified Orth that it believed Orth breached the contract in a letter dated January 2, 2004. In September 2004, Allied filed a two-count lawsuit in federal court against Orth and the Medinas, who had signed a guaranty attached to the agency contract by which they personally guaranteed all financial obligations of Orth to Allied. Count I of the complaint seeks recovery from Orth, and Count II from the Medinas. On January 19, 2005, Orth notified Allied that it wished to demand arbitration, pursuant to the agency contract's arbitration provision.

## Discussion

As a preliminary matter, Allied urges us to deny Orth's motion to compel arbitration on the grounds of timeliness. Section 3.13(g) of the arbitration provision contained in the agency contract between Allied and Orth reads, "A dispute must be submitted to arbitration within six months of its having arisen or prior to the expiration of any cure period associated with a Notice of Termination based on the same factual situation for which arbitration is sought." (Pl.'s Resp. Opp'n Def.'s Am. Mot. Dismiss & Compel Arbitration, Ex. 1.) Allied argues that Orth demanded arbitration more than a year after Allied sent a letter notifying Orth that Orth was in breach of the contract, and therefore the arbitration demand was untimely. Orth disagrees with this characterization of when the dispute arose, but says the issue must be resolved by an arbitrator, not this Court. In general, the question of timeliness in an arbitration agreement falls to the court, unless the agreement "contains clear and unmistakable evidence that the parties intended for the arbitrator to decide." *Chicago Sch. Reform v. Diversified Pharm.*, 40 F.Supp.2d 987, 993 (N.D.Ill.1999) (citing *First Options of Chicago, Inc.*

*v. Kaplan*, 514 U.S. 938, 944 (1995).

Defendants point to *Allied Van Lines, Inc. v. Suddath Moving Center, Inc.*, another case in this district involving Allied and an interpretation of a remarkably similar arbitration provision, to show that the agreement between Orth and Allied meets this test. *See id.*, No. 02-C4733, 2002 WL 1941378, at *2 (N.D. Ill. Aug. 22, 2002). In *Suddath*, Allied argued that the arbitration provision clearly and unmistakably required the issue of timeliness to be decided by an arbitrator. Allied is careful to refrain from arguing that we should interpret the provision differently now. However, it does ask us to resolve the timeliness issue by finding that Orth waited too long to demand arbitration. As Defendants correctly argue, we cannot decide that issue until we determine whether the issue belongs in this Court or whether it should be resolved by an arbitrator. Looking at the terms of the agency contract, we find that the parties clearly and unmistakably intended for an arbitrator to decide the timeliness issue.

As in *Suddath*, the arbitration provision at issue here states that "[a]ny disagreement, dispute or controversy which arises between CARRIER and AGENT with respect to the enforcement, interpretation or application of any provisions of this Agreement" is subject to arbitration. The court there found that "[t]he dispute over timeliness is a dispute concerning the interpretation or application of Section 3.13(g), and thus it is a dispute that the parties clearly intended the arbitrator to decide." *Suddath*, 2002 WL 1941378, at *2. We agree. Defendants' motions to dismiss Count I of Allied's complaint and to compel arbitration of Allied's claims against Orth are therefore granted.

Allied next argues that the Medinas lack standing to compel arbitration because they were not signatories to the agency contract. They signed a guaranty that Allied contends did not

incorporate the arbitration clause of the agency contract. As Allied correctly notes, a non-signatory to a contract cannot be compelled by a signatory to arbitrate under the provisions in the contract. *Grundstad v. Ritt*, 106 F.3d 201, 205 (7th Cir. 1997) (finding that guarantors were not bound by arbitration clause in contract they did not sign). However, as Defendants correctly counter, the reverse situation may be allowed where claims against the non-signatory are "intimately founded in and intertwined with the underlying contract obligations." *Hughes Masonry Co. v. Greater Clark County School Bldg. Corp.*, 659 F.2d 836, 841& n.9 (7th Cir. 1981). In any event, we need not analyze the issue because the Medinas do not seek such a remedy. Instead, they have requested a stay of the litigation against them pending the outcome of arbitration between Allied and Orth.

The Medinas do not wish to pursue arbitration proceedings on behalf of Orth in California while simultaneously defending themselves as individuals against Allied in a lawsuit in Chicago. Allied argues that Defendants are not entitled to a stay. The Seventh Circuit has ruled that a stay may be appropriate, in accordance with the principles of parallel-proceeding abstention, where "a party to an arbitration agreement, trying to get around it, sues not only the other party to the agreement, but some related party with which it has no arbitration agreement, in the hope that the claim against the other party will be adjudicated first and have preclusive effect in the arbitration." *IDS Life Ins. Co. v. Sunamerica, Inc.*, 103 F.3d 524, 530 (7th Cir. 1996) (rejecting stay for non-signatory based on section 3 of the Federal Arbitration Act ("FAA"), but allowing one under principles of parallel proceeding abstention).

Allied claims that *IDS Life* does not apply because Allied did not sue the Medinas in order to get around the arbitration agreement. Rather, it insists that it named the Medinas because they voluntarily guaranteed the financial obligations of Orth and because Allied has been informed that

-4-

Orth is no longer in business. Defendants argue that a showing of bad faith is not required, because preclusion was the real concern of the *IDS Life* court. Though the court there was specifically authorizing a stay in what it labeled as "evasion cases," we believe the case allows a parallel proceeding analysis in a case where bad faith is not alleged.

As the Second Circuit has noted, "district courts . . . may stay a case pursuant to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa Corp. v. Armstrong*, 129 F.3d 71, 76 (2nd Cir. 1997) (internal quotations and citations omitted). A stay may be warranted "where the pending proceeding is an arbitration in which issues involved may be determined." *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandsten Co.*, 339 F.2d 440, 441 (2d Cir.1964). However, if a stay is granted, the movant may not "take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship." *Id.* at 442. In the present case, the interests of judicial economy favor a stay as the issues in Allied's claims against Orth are nearly identical to those against the Medinas. Moreover, the hardship faced by the Medinas of having to defend both the litigation and arbitration simultaneously in two different states favors a stay. Meanwhile, Allied has not alleged that any harm will come to them from staying the litigation. We will thus grant the stay, with the condition that Orth proceed to arbitration without undue delay; failure to do so will result in the stay being vacated.

## Conclusion

For the foregoing reasons, we grant Defendants' motion to dismiss Count I of Plaintiff's complaint and compel this matter to arbitration. Defendants' motion to stay litigation between Allied and Defendants Medina and Aquino-Medina pending arbitration proceedings is granted.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: JUN 3 2005