UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALLIED VAN LINES, INC., a Delaware Corporation | ) ) ) | |
| Plaintiff, | ) ) | Case No. 04 C 6004 |
| vs. | ) ) | Judge Zagel |
| ORTH VAN AND STORAGE, INC., and ALAN L. MEDINA and DIANE AQUINO-MEDINA | ) ) ) ) ) | Magistrate Judge Soat Brown |
| Defendants. | ) | |

## MOTION FOR ACCELERATED JUDGMENT
## PURSUANT TO SETTLEMENT AGREEMENT

Plaintiff, Allied Van Lines, Inc., by and through its attorneys, Dombroff Gilmore Jaques & French, P.C., hereby requests this Honorable Court to enter judgment against the Defendants, pursuant to the Parties' Settlement Agreement. In support of this Motion, Plaintiff states:

1. Plaintiff filed this lawsuit on September 14, 2004.

2. Jurisdiction was based upon diversity of citizenship and an amount in controversy in excess of $75,000.

3. The Parties reached a confidential settlement in this matter[1], brokered by the Honorable Magistrate Judge Bobrick (ret.), in which Defendants were to pay Plaintiff the total sum of $50,000.00 by way of one lump sum payment of $25,000 (the "Lump Sum Payment"), followed by monthly payments of $250.00 (the "Monthly Payments").

---
[1] Rather than filing the settlement agreement under seal or as restricted, Plaintiff's attorney will produce the same at the motion presentment for the Court's *in camera* review.

4. The settlement further provided that in the event of non-payment from Defendants, Plaintiff would provide Defendants with a two (2) week notice of failure, and then Defendants would have two (2) weeks to cure payment. In the event Defendants failed to cure payment, then an accelerated judgment would be entered against Defendants Alan Medina and Diane Medina for $180,000 less amounts previous paid.

5. The Parties executed the settlement and then entered Rule 41(a)(1)(ii) stipulation of dismissal without prejudice in which the Court would retain jurisdiction to enforce the terms of the Parties' settlement agreement. A copy of the stipulation is attached hereto as Exhibit "1".

6. On January 26, 2007, the Court dismissed this action without prejudice pursuant to the Parties' stipulation. A copy of the dismissal order is attached hereto as Exhibit "2".

7. To date, Defendants have only made the Lump Sum Payment of $25,000.

8. Defendants have failed to make any Monthly Payments.

9. On February 16, 2007, Plaintiff's attorney advised Defendants, through their attorney, of their failure to submit its first $250 Monthly Payment. See letter to Defendants' attorney attached hereto as Exhibit "3".

10. On February 26, 2007, Defendants' attorney gave Plaintiff's attorney permission to contact Defendants directly regarding the failure to make Monthly Payments. See February 26, 2007 email from Defendants attorney to Plaintiff's attorney attached hereto as Exhibit "4".

11. On March 5, 2007, Plaintiff's attorney spoke with Alan Medina, via telephone, and Medina advised that both the February and March Monthly Payments would be made shortly. <u>See</u> Declaration of Jonathan P. Stringer attached hereto as Exhibit "5".

12. On March 27, 2007, Plaintiff's attorney left Alan Medina a voicemail regarding Medina's failure to submit Monthly Payments for February and March, and requested Medina call him back to discuss the payments. <u>See</u> Declaration of Jonathan P. Stringer attached hereto as Exhibit "5".

13. On March 29, 2007, Defendants still had not made a Monthly Payment and did not return Plaintiff's attorney's March 27, 2007 voicemail. Accordingly, on March 29, 2007, Plaintiff's attorney again advised Defendants of their failure to tender a Monthly Payment. <u>See</u> letter to Alan Medina attached hereto as Exhibit "6".

14. In addition, Plaintiff's attorney telephoned Alan Medina on March 29, 2007 regarding his failure to submit Monthly Payments. <u>See</u> Declaration of Jonathan P. Stringer attached hereto as Exhibit "5".

15. To date, Defendants have failed to contact Plaintiff's attorney regarding their failure to make the Monthly Payments.

16. Likewise, despite receiving notice of their failure to make Monthly Payments, Defendants have failed to cure the same.

17. As a result, Plaintiff is entitled to an accelerated judgment for $155,000 (i.e., $180,000 less payment of $25,000) pursuant to the terms of the Parties' settlement.

WHEREFORE, for the foregoing reasons, the Plaintiff, Allied Van Lines, Inc., respectfully requests that Court enter a judgment against the Defendants, ORTH VAN AND STORAGE, INC., and ALAN L. MEDINA and DIANE AQUINO-MEDINA, in the amount of $155,000.00, and for such other relief the Court deems just and proper.

Dated: July 9, 2007

Respectfully submitted,

ALLIED VAN LINES, INC., PLAINTIFF

By:   s/ Jonathan Stringer
Jonathan P. Stringer
ARDC No. 6276011
Dombroff Gilmore Jaques & French, P.C.
10 South La Salle Street, Suite 1120
Chicago, Illinois 60603
Tel: (312) 781 – 0200
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned attorney deposes and states that a copy of the foregoing document, was served upon:

| | |
|---|---|
| Christopher C. Kendall | Alan & Diane Medina |
| The Law Office of Christopher C. Kendall, P.C. | 22909 Vose Street |
| 77 West Wacker Drive, Suite 4800 | West Hills, CA 91307 |
| Chicago, Illinois 60601-1664 | |

by depositing same in the U.S. Mail on the 10th day of July, 2007 from 10 South LaSalle Street, Chicago, Illinois 60603; and that on July 10, 2007, I filed this document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

s/ Jonathan Stringer
Jonathan Stringer
ARDC 6276011